IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> TENNESSEE VALLEY INDUSTRIAL CORPORATION, a Kentucky corporation, <br><br> Defendants | Case No.: 18-cv-7786 <br><br> Judge: <br><br> Magistrate Judge: |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, PAUL M. EGAN and ARNOLD AND KADJAN, LLP, complain against Defendant, TENNESSEE VALLEY INDUSTRIAL CORPORATION, a Kentucky corporation, as follows:

### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

**PARTIES**

2. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of ERISA and the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds which are adopted and incorporated by reference into the collective bargaining agreement.

3. (a) TENNESSEE VALLEY INDUSTRIAL CORPORATION, a Kentucky corporation (hereafter "TENNESSEE VALLEY"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) TENNESSEE VALLEY has its principal place of business at Georgetown, Illinois.

(c) TENNESSEE VALLEY is an employer engaged in an industry affecting commerce.

4. TENNESSEE VALLEY has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

5. By virtue of certain provisions contained in the collective bargaining agreements, TENNESSEE VALLEY is bound by the Trust Agreement establishing the Funds.

6. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, TENNESSEE VALLEY is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. Plaintiffs are advised and believe that for **January 1, 2016 through the present,** TENNESSEE VALLEY has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

8. The auditor handling the matter has attempted to contact TENNESSEE VALLEY to request its cooperation to perform an audit of fringe benefit contributions by TENNESSEE VALLEY for the foregoing mentioned time period, but TENNESSEE VALLEY has refused to cooperate with completing an audit, in violation of its obligations under the collective bargaining agreement and Trust Agreements.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. TENNESSEE VALLEY be ordered to submit to an audit for **January 1, 2016 through present**.

B. Judgment be entered against TENNESSEE VALLEY and in favor of Plaintiffs, in the amount shown due under the audit.

C. Plaintiffs be awarded their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and Section 502(g)(2).

D. TENNESSEE VALLEY be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

        Respectfully submitted,

        **TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**

        By:    s/ Paul M. Egan
                One of their Attorneys

Donald D. Schwartz
Paul M. Egan
**ARNOLD AND KADJAN LLP**
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415